PAUL L. KEEFNER, Plaintiff-Appellant, *v.* SUPER X DRUGS OF ILLINOIS, INC., Defendant-Appellee.

(No. 12414; ▮▮▮▮▮▮▮▮▮▮)

Fourth District—August 15, 1974.

*Rehearing denied September 4, 1974.*

Edward F. Casey, of Casey & Casey, of Springfield, for appellant.

Gillespie, Burke & Gillespie, of Springfield, for appellee.

Mr. JUSTICE SIMKINS delivered the opinion of the court:

Plaintiff Paul Keefner, a pharmacist and manager of a Super X drugstore in Springfield, Illinois, appeals from an order denying his motion to vacate a judgment entered against him in an action commenced to recover approximately $2700 alleged to be owed plaintiff under the bonus clause of a written employment contract for the year ending September 9, 1972. The contract provided plaintiff in relevant part:

> "* * * with an opportunity to earn additional income, over and above your base salary, for achieving results which are better than reasonable expectancy * * * Your maximum potential under this plan is one-third of your total salary paid for these periods.
>
> * * *
>
> In order to earn a bonus under this contract, a store manager must remain in active full-time service with the company through [September 9, 1972]. Any bonus achievement applicable to the

[first six months of the] contract period will be forfeited if the store manager does not remain in full-time service through [September 9, 1972]. The only exceptions to this are in case of death or retirement under the company retirement program, in which case an employee's bonus payment will be prorated for the part of the contract period prior to his death or retirement. *If an employee is discharged, for cause or otherwise, or leaves the company prior to the close of [the contract period] for any reason whatsoever, he shall not be entitled to any payment under this plan.*" (Emphasis added.)

Plaintiff was fired 6 to 8 weeks before the end of the bonus period, and was paid through the last week of his employment plus 2 weeks vacation. In his complaint plaintiff alleged only that defendant had breached the contract in terminating his employment without cause. There was no allegation, however, that defendant acted fraudulently or in bad faith for the sole purpose of depriving him of his bonus payment. Likewise, there was also no allegation that the forfeiture clause is a penalty or an improper liquidated damages clause.

The trial court expressly found that the evidence established that plaintiff was fired for cause. Mr. Baumgarth, the district manager of Super X Drugs, testified that in early July of 1972, he and the president of Super X, after giving advance notice, inspected plaintiff's store and found it not to be in satisfactory condition. He further testified that an even earlier inspection had revealed that "the store was in complete shambles from the standpoint of general operation work." He testified to disputes over plaintiff's working on Saturdays and of plaintiff's refusal to work on Saturdays even when expressly told to do so. It was also stated that plaintiff's store followed check cashing procedures very loosely, and that plaintiff was allowing customers to purchase merchandise on credit contrary to company policy. Company records showed that plaintiff was dismissed for insubordination. Plaintiff stated that he did not agree that he was doing a bad job and testified that the store was in the red when he arrived but made $78,000 in 1971. He further stated that he had offered to resign after being criticized by Baumgarth, but that the next day he told Baumgarth that he would like to continue until the end of the current bonus cycle. The trial court's determination that plaintiff was fired for cause is clearly not against the manifest weight of the evidence.

Since plaintiff was properly fired for cause before the end of the bonus period, the bonus forfeiture provisions are applicable to the plaintiff. There is absolutely no allegation in the complaint that the forfeiture provision is a penalty or an improper liquidated damages clause. Never-

theless, we see no injustice or wrong that will accrue from enforcement of the forfeiture clause in the instant case.

For the reasons stated above the judgment of the circuit court is hereby affirmed.

Judgment affirmed.

SMITH, P. J., and TRAPP, J. concur.